UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ORTIZ LOPEZ,<br><br>        Plaintiff(s),<br><br>        v.<br><br>COURTYARD BY MARRIOT IRVINE, CA,<br><br>        Defendant(s). | CASE NO. SACV 09-1417 DOC (MLGx)<br><br>**O R D E R TO SHOW CAUSE** |

       This cause comes before the Court on its own initiative, upon review of the Notice of Removal, filed December 3, 2009. *See* Docket No. 1. According to the Notice of Removal, Plaintiff Javier Ortiz Lopez ("Plaintiff") filed a complaint against Defendant in Superior Court of the State of California, County of Orange on September 2, 2009, alleging causes of action for sexual harassment, gender discrimination, retaliation, and negligent or intentional infliction of emotional distress. The Notice of Removal avers that removal is proper under 28 U.S.C. § 1332.

       Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a

State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). "The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be granted. *See id.*

28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction of diversity actions in which the amount in controversy exceeds $75,000. A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the **underlying facts supporting its assertion** that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis added). Absent specificity, *sua sponte* remand is warranted. *Id.*

Here, removing defendant relies on the fact that Plaintiff seeks in excess of $2,000,000.00 in his lawsuit, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), in which the Supreme Court held that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Removing defendant suggests that, since other cases alleging harassment routinely recover damages in excess of $75,000, so too may this one. However, in light of the only non speculative damages alleged – which amount to $11,980.77 in lost wages – "it appears to a legal certainty that the actual claim is less than the jurisdictional amount." *See BRC Group, LLC v. Quepasa Corp.*, No. C-09-01506 WHA, 2009 WL 2424669 (N.D. Cal. Aug. 7, 2009) (citing *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

//

1      Accordingly, it appears to the Court that the case may have been improvidently removed
2 and Defendant is therefore ORDERED TO SHOW CAUSE in writing, within seven (7) days of
3 this Order, why this action should not be remanded to state court for failure to establish subject
4 matter jurisdiction.

7 IT IS SO ORDERED.
8 DATED: April 5, 2010

                                                              _____
                                                                    DAVID O. CARTER
                                                        United States District Judge