# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ORTIZ LOPEZ, <br><br> Plaintiff(s), <br><br> v. <br><br> COURTYARD BY MARRIOTT IRVINE CA, <br><br> Defendant(s). | CASE NO. SACV 09-1417 DOC (MLGx) <br><br> **O R D E R** REMANDING CASE <br><br> Orange County Superior Court Case No.: 30-2009-00298260 |

Before the Court is Defendant Courtyard Management Corporation, erroneously sued as Courtyard by Marriott Irvine CA ("Defendant")'s response to the Court's April 5, 2010 Order to Show Cause as to why this action should not be remanded to state court (the "OSC"). Defendant removed this lawsuit on December 3, 2009 on diversity grounds pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship existed at the time of removal as Plaintiff was a citizen of California at the time of removal and Defendant was a citizen of Delaware at the time of removal. The OSC focused on whether the amount in controversy requirement of 28 U.S.C. § 1332(a) had been satisfied.

Plaintiff is a former employee of Defendant's and alleges that Defendant discriminated against him on the basis of his gender by providing female employees (but not Defendant) with complimentary dry cleaning. The complaint filed in state court brings a single cause of action for general negligence and seeks damages in the amounts of: (1) $11, 980.77 for loss of earnings; (2) $100,000 for pain, suffering, and inconvenience; (3) $100,000 for emotional distress; and (4) $2,000,000 for punitive damages. Defendant argues that the damages alleged in the state court complaint satisfy the amount in controversy requirement of 28 U.S.C. § 1332. This Court disagrees.

Even where neither party contests the Court's jurisdiction, it is appropriate for the Court to *sua sponte* raise the issue. *See, e.g.*, *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1009 (9th Cir. 2000). The "strong presumption" against removal is ordinarily satisfied if plaintiff's complaint pleads an amount in excess of $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court is nonetheless "not bound by the pleadings of the parties, [and] may, by its own motion, if led to believe that jurisdiction is not properly invoked, inquire into the facts as they really exist." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 184, 56 S.Ct. 780 (1936). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a '***legal certainty***' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by plaintiff controls if the claim is apparently made in good faith" and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"); *Garza v. Bettcher indus., Inc.*, 752 F. Supp. 753, 756 (E.D. Mich. 1990). The legal certainty test applies "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM*

1  *Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986).[1]

2  In opposition to the OSC, Defendant relies upon the recoverability of damage awards in excess of $75,000 in other Fair Employment Housing Act (FEHA) cases, as well as the state court complaint's claims for pain, suffering, and inconvenience, emotional distress, and punitive damages.  *See* Docket 5 at 4-5.

6  Though Plaintiff may have previously filed an administrative claim arising under FEHA, the state court complaint's only cause of action is for negligence.  The state court complaint neither asserts a stand-alone cause of action for a violation of FEHA, nor alleges a violation of FEHA as predicate to the cause of action for negligence.  In claims alleging discrimination on the basis of gender, a cause of action predicated on a violation of FEHA is separable from a cause of action predicated upon negligence.  *See, e.g.*, *Gonzalez v. Roadway Exp., Inc.*, No. B177637, 2005 WL 3470678, at *1 (Cal. App. 2d Dist. Dec. 20, 2005).  Even if this Court were to liberally construe the claims in Plaintiff's state court complaint as a result of his *pro se* status, *see Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding in the context of a summary judgment motion that a *pro se* litigant is entitled to "great leeway" in asserting claims), the Court would still find, to a legal certainty, that the claims in the complaint do not entitle Plaintiff to damages equal to the amount in controversy.  Emotional distress damages are available, but the state court complaint contains no factual allegations – not even summary allegations – alleging that Plaintiff suffered any emotional injury as a result of Defendant's alleged discrimination.  Nor does the state court complaint allege that Plaintiff suffered pain, suffering, and inconvenience.  The fact that Plaintiff filled out blanks on a form complaint provided to him does not weigh against the Court's conclusion that the damage claims were made in bad faith **and** that it appears to a legal certainty that Plaintiff cannot recover an

---

[1] The Seventh Circuit has held that the determination of legal certainty is akin to the determination of frivolousness, though a claim need not be frivolous to fail the legal certainty standard.  *See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 354 (7th Cir. 1995); *Boggs v. Adams*, 45 F.3d 1056, 1059 n. 7 (7th Cir. 1995); *Loss v. Blankenship*, 673 F.2d 942, 951 (7th Cir. 1982).

1  amount in excess of the jurisdictional minimum.
2       For the foregoing reasons, the Court REMANDS this case to Orange County
3  Superior Court.
4
5
6  IT IS SO ORDERED.
7  DATED: April 20, 2010
8
9                                          _____
10                                          DAVID O. CARTER
                                            United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4